6/17/2014 2:56:04 PM
Chris Daniel - District Clerk Harris County
Envelope No. 1563711
By: Sherryl Dewalt

2014-34865 / Court: 129

Cause No. _______

| | | |
|---|---|---|
| JAMEENA CROOKSHANK A/N/F OF CLAUDIS ALSTON | § | IN THE DISTRICT COURT |
| | § | |
| | § | |
| V. | § | OF HARRIS COUNTY |
| | § | |
| CVS PHARMACY, INC., CVS CAREMARK CORPORATION and CVS PHARMACY | § | ____ JUDICIAL DISTRICT |

**PLAINTIFF'S ORIGINAL PETITION**

Jameena Crookshank a/n/f of Claudis Alston files this, her Original Petition, complaining of Defendants, CVS Pharmacy, Inc., CVS Caremark Corporation and CVS Pharmacy (collectively, "CVS") and in support of same would respectfully show the following:

## I. Discovery Control Plan

Pursuant to Rules 190.1 and 190.4 of the Texas Rules of Civil Procedure, Plaintiff intends to proceed under Discovery Control Plan Level 3.

## II. Request for Disclosure

Pursuant to Tex. R. Civ. P. 194, Defendant is requested to disclose the information and material described in Rule 194.2 within fifty (50) days after service of the original request.

## III. Parties

Plaintiff is a resident of Harris County, Texas.

Defendant, CVS Pharmacy, Inc., is a Rhode Island corporation that operates for profit in the state of Texas. This Defendant may be served process through its registered agent CT Corporation System, 1999 Bryan St., Ste. 900, Dallas, Texas 75201.

Defendant, CVS Caremark Corporation is a Rhode Island corporation that operates for profit in the state of Texas. This Defendant may be served process through its registered agent CT Corporation System, 1999 Bryan St., Ste. 900, Dallas, Texas 75201.

Certified Document Number: 61231459 - Page 1 of 4

Defendant, CVS Pharmacy, is a Rhode Island corporation that operates for profit in the state of Texas. This Defendant may be served process through its registered agent CT Corporation System, 1999 Bryan St., Ste. 900, Dallas, Texas 75201.

## IV. JURISDICTION AND VENUE

Jurisdiction is proper in this Court because this suit arises under the laws of the State of Texas and because Plaintiff has suffered damages within the jurisdictional limits of this Court. Plaintiff seeks monetary relief over $200,000 but not more than $1,000,000.

Venue is proper in Harris County pursuant to the TEXAS CIVIL PRACTICES AND REMEDIES CODE 15.002(a)(1), as all or substantially part of the acts or omissions giving rise to this cause of action occurred within Harris County.

## V. FACTS

In June of 2012, Claudis Alston presented a prescription for eye drops to the CVS store located at 12601 Tomball Parkway, Houston, Texas 77086. Instead of receiving eye drops, Mr. Alston prescription was filled with ear drops. As instructed, Mr. Alston placed the drops in his eyes; ultimately, Mr. Alston lost his vision.

## VI. NEGLIGENCE

On the date in question, Defendants failed to exercise ordinary care, as required by law, concerning the care and treatment provided to Claudis Alston. Specifically, the following acts of Defendants were a proximate cause of Mr. Alston's injuries:

1) Defendant failed to exercise reasonable care in providing prescription medications;
2) Defendant failed to take precautions, or timely or adequate precautions, to prevent injury to Claudis Alston.

Certified Document Number: 61231459 - Page 2 of 4

## VII. CONDITIONS PRECEDENT

Plaintiff has fully complied with the provisions of Chapter 74 of the TEXAS CIVIL PRACTICE & REMEDIES CODE by serving written notice of their claims upon each Defendant named herein prior to filing of this action.

All conditions precedent have been performed or have occurred.

## VIII. INTEREST

Plaintiff seeks prejudgment and post judgment interest as authorized by law. Plaintiff also claims damages in the amount of the legal interest as allowed by law on all pecuniary and non-pecuniary damages as found by the jury at the maximum legal rate allowed by law: (a) accruing from a date beginning 180 days after the date the Defendant received written notice of this claim or on the date of filing suit, whichever occurred first, until the time judgment against the Defendant is rendered and (b) after judgment until same is paid.

Because of the foregoing, Plaintiff has been damaged, and will be damaged, in a sum in excess of the minimum jurisdictional limit of this Court, for which Plaintiff now brings suit.

## X. PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendant be cited to appear and answer herein; that upon final trial on the merits in this case, that Plaintiff has and recovers judgment against Defendant for the damages prayed for herein; that Plaintiff has prejudgment and post judgment interest at the maximum legal rate; that Plaintiff has and recovers costs of court; and that Plaintiff has such other and further relief, both in law and equity, to which she may show herself to be justly entitled.

Certified Document Number: 61231459 - Page 3 of 4

Respectfully submitted,

**ABRAHAM, WATKINS, NICHOLS, SORRELS, AGOSTO & FRIEND**

By: ____________________
Randall Sorrels
Texas Bar Number: 18855350
rsorrels@abrahamwatkins.com
Imrana Manzanares
Texas Bar Number: 24057978
imanzanares@abrahamwatkins.com
800 Commerce Street
Houston, Texas 77002-1776
Telephone: (713) 222-7211
Telecopier: (713) 225-0827
**ATTORNEY FOR PLAINTIFF**

Certified Document Number: 61231459 - Page 4 of 4




I, Chris Daniel, District Clerk of Harris County, Texas certify that this is a true and correct copy of the original record filed and or recorded in my office, electronically or hard copy, as it appears on this date.
Witness my official hand and seal of office this July 21, 2014

Certified Document Number: 61231459 Total Pages: 4

Chris Daniel

Chris Daniel, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com**

RECEIPT NUMBER 0.00
TRACKING NUMBER 73028451 CIV

CAUSE NUMBER 201434865

**PLAINTIFF:** CROOKSHANK, JAMEENA
vs.
**DEFENDANT:** CVS PHARMACY INC

**In The** 129th
**Judicial District Court of**
**Harris County, Texas**

**CITATION CORPORATE**

**THE STATE OF TEXAS**
**County of Harris**

Rec'd 6-20-14
Deliv'd CM
Initials R.R.
ID # 4447

TO: CVS PHARMACY INC BY SERVING ITS REGISTERED AGENT
CT CORPORATION SYSTEM

1999 BRYAN ST SUITE 900 DALLAS TX 75201

Attached is a copy of PLAINTIFF'S ORIGINAL PETITION.

This instrument was filed on the 17th day of June, 20 14, in the above cited cause number and court. The instrument attached describes the claim against you.

**YOU HAVE BEEN SUED;** you may employ an attorney. If you or your attorney do not file a written answer with the District Clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of 20 days after you were served this citation and petition, a default judgment may be taken against you.

**TO OFFICER SERVING:**

**This Citation was issued under my hand** and seal of said Court, at Houston, Texas, this 19th day of June, 20 14.

Issued at request of:
MANZANARES, IMRANA LEIGH
800 COMMERCE
HOUSTON, TX 77002
Tel: (832) 457-2325
Bar Number: 24057978

DISTRICT COURT OF HARRIS COUNTY, TEXAS

Chris Daniel
**CHRIS DANIEL, District Clerk**
Harris County, Texas
**201 Caroline, Houston, Texas 77002**
**P.O. Box 4651, Houston, Texas 77210**

**Generated by:** HILL, MARCELLA DIANA DBG//9859779

**OFFICER/AUTHORIZED PERSON RETURN**

I received this citation on the ________ day of ________________, 20____, at ________ o'clock ____.M., endorsed the date of delivery thereon, and executed it at ______________________ (street address), ______________ (city),

in ____________ County, Texas on the _______ day of ________________, 20____, at ________ o'clock ____. M., by delivering to ______________________________ (the defendant corporation named in citation), by delivering to its ______________________ (registered agent, president, or vice-president), in person, whose name is ______________________,

a true copy of this citation, with a copy of the ______________________ (description of petition, e.g., "Plaintiffs Original") Petition attached,

and with accompanying copies of ______________________ (additional documents, if any, delivered with the petition).

I certify that the facts stated in this return are true by my signature below on the ______ day of ______________, 20____.

FEE: $ _______

By: ______________________ (signature of officer)

Printed Name: ______________________

As Deputy for: ______________________ (printed name & title of sheriff or constable)

______________________
Affiant Other Than Officer

On this day, ______________________, known to me to be the person whose signature appears on the foregoing return, personally appeared. After being by me duly sworn, he/she stated that this citation was executed by him/her in the exact manner recited on the return.

SWORN TO AND SUBSCRIBED BEFORE ME, on this ________ day of ______________________, 20 ______

______________________
Notary Public

N.INT.CITC.P

EXHIBIT "2" - ii

RECEIPT NUMBER 0.00
TRACKING NUMBER 73028457 CIV

**CAUSE NUMBER** 201434865

**PLAINTIFF:** CROOKSHANK, JAMEENA
vs.
**DEFENDANT:** CVS PHARMACY INC

**In The** 129th
**Judicial District Court of**
**Harris County, Texas**

**CITATION CORPORATE**

**THE STATE OF TEXAS**
**County of Harris**

Rec'd 6-20-14
Deliv'd CM
Initials
ID # 477

TO: CVS PHARMACY BY SERVING ITS REGISTERED AGENT
CT CORPORATION SYSTEM

1999 BRYAN ST SUITE 900 DALLAS TX 75201

Attached is a copy of PLAINTIFF'S ORIGINAL PETITION.

This instrument was filed on the 17th day of June, 20 14, in the above cited cause number and court. The instrument attached describes the claim against you.

**YOU HAVE BEEN SUED;** you may employ an attorney. If you or your attorney do not file a written answer with the District Clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of 20 days after you were served this citation and petition, a default judgment may be taken against you.

**TO OFFICER SERVING:**

**This Citation was issued under my hand** and seal of said Court, at Houston, Texas, this 19th day of June, 20 14.

DISTRICT COURT OF HARRIS COUNTY TEXAS

Issued at request of:
MANZANARES, IMRANA LEIGH
800 COMMERCE
HOUSTON, TX 77002
Tel: (832) 457-2325
Bar Number: 24057978

**CHRIS DANIEL, District Clerk**
Harris County, Texas
**201 Caroline, Houston, Texas 77002**
**P.O. Box 4651, Houston, Texas 77210**

**Generated by:** HILL, MARCELLA DIANA DBG//9859779

**OFFICER/AUTHORIZED PERSON RETURN**

I received this citation on the ________ day of ____________________, 20____, at________ o'clock ___.M., endorsed the date of delivery thereon, and executed it at ____________________ (street address), ____________ (city),

in ____________ County, Texas on the ______ day of ________________, 20____, at________ o'clock ___. M.,

by delivering to ____________________ (the defendant corporation named in citation), by delivering to its

____________________ (registered agent, president, or vice-president), in person, whose name is ____________________,

a true copy of this citation, with a copy of the ____________________ (description of petition, e.g., "Plaintiffs Original") Petition attached,

and with accompanying copies of ____________________ (additional documents, if any, delivered with the petition).

I certify that the facts stated in this return are true by my signature below on the ______ day of ____________, 20____.

FEE: $ ______

By: ____________________ (signature of officer)

Printed Name: ____________________

As Deputy for: ____________________ (printed name & title of sheriff or constable)

____________________
Affiant Other Than Officer

On this day, ____________________, known to me to be the person whose signature appears on the foregoing return, personally appeared. After being by me duly sworn, he/she stated that this citation was executed by him/her in the exact manner recited on the return.

SWORN TO AND SUBSCRIBED BEFORE ME, on this ________ day of ____________________, 20 ______

____________________
Notary Public

N.INT.CITC.P

EXHIBIT "2" - iii

7/21/2014 9:56:46 AM
Chris Daniel - District Clerk Harris County
Envelope No. 1884466
By: Marcella Hill

**CAUSE NO. 2014-34865**

| | | |
|---|---|---|
| **JAMEENA CROOKSHANK A/N/F OF CLAUDIS ALSTON,** | § § | **IN THE DISTRICT COURT OF** |
| ***Plaintiff,*** | § § | |
| **vs.** | § § | **HARRIS COUNTY, TEXAS** |
| **CVS PHARMACY, INC., CVS CAREMARK CORPORATION and CVS PHARMACY,** | § § § § | |
| ***Defendants*.** | § | **129TH JUDICIAL COURT** |

**ANSWER OF DEFENDANTS, CVS PHARMACY, INC. AND CVS CAREMARK CORPORATION (Also improperly pleaded as CVS Pharmacy), TO PLAINTIFF'S ORIGINAL PETITION**

COME NOW Defendants, CVS Pharmacy, Inc. and CVS Caremark Corporation (Also improperly pleaded as simply "CVS Pharmacy", a nonexistent entity), by and on behalf of themselves and all of their subsidiaries ("CVS"), and file this Answer to Plaintiff's Original Petition, and in support thereof, Defendants would show the following:

**DEFENDANTS' ANSWER TO PLAINTIFF'S ORIGINAL PETITION**

I.

Subject to such stipulations and admissions as may hereafter be made, Defendants assert a general denial as authorized by Rule 92 of the Texas Rules of Civil Procedure, and request that Plaintiff be required to prove the charges and allegations contained in his petition and any subsequent amended petitions by a preponderance of the evidence.

II.

Defendants state that the Plaintiff's injuries and damages, if any, are attributable to causes other than the acts or omissions of Defendants and are capable of being apportioned



EXHIBIT "2" - iv

amongst the causes pursuant to Restatement (Second) of Torts §433A (1977). Recovery must be denied for injuries and/or damages not attributable to Defendants.

III.

Defendants assert that the Plaintiff's recovery must be reduced by a percentage equal to the Plaintiff's responsibility and the responsibility of other parties, responsible third parties, and settling persons in accordance with Chapter 33 of the Civil Practice and Remedies Code.

IV.

Plaintiff was contributorily negligent which proximately caused Plaintiff's injuries and/or damages, if any. Plaintiff's claims are therefore barred or, alternatively, reduced pursuant to Tex. Civ. Prac. & Rem. Code Ann. § 33.001.

V.

Defendants deny that any act or omission of Defendants was a substantial factor in bringing about injury to Plaintiff, if any, which would not have otherwise occurred.

VI.

Defendants assert that Plaintiff was negligent because Plaintiff did not exercise the degree of ordinary care, caution or prudence that would have been exercised by an ordinarily prudent person under the same or similar circumstances to avoid the incidents complained of herein, and such failure was a proximate cause or sole proximate cause and/or a producing cause of the incidents and damages, if any, sustained by Plaintiff.

VII.

Defendants assert that, in addition to any other limitation under law, Plaintiff's recovery of any alleged for healthcare liability damages, the existence of which CVS denies, are limited by Texas Civil Practice and Remedies Code §§74.301 – 74.303.2.

VIII.

Defendants assert that, in addition to any other limitation under law, Plaintiff's recovery of any alleged medical or healthcare expenses is limited to the amount actually paid or incurred by or on behalf of Plaintiff as provided by Texas Civil Practice and Remedies Code § 41.0105. Plaintiff cannot recover any portion of his medical bills which have been adjusted or "written off" by his health insurance providers or other third party sources; any medical expenses allegedly incurred must be reduced by the written off or adjusted amount and only the adjusted amount may be presented to the jury at the time of the trial of this matter.

IX.

Defendants hereby invoke the provisions of Texas Civil Practice and Remedies Code §74.503 in the event there is an award of future damages, the potential existence of which CVS denies, and the Court makes the requisite determination regarding the present value of such alleged damages pursuant to Texas Civil Practice and Remedies Code § 74.502.

**AFFIRMATIVE DEFENSES**

Defendants assert as an affirmative defense that Plaintiff's petition fails to state a claim or claims or any facts upon which relief can be granted, and Plaintiff's cause of action should therefore be dismissed.

Defendants assert as an affirmative defense that the Statute of Limitations bars Plaintiff's suit.

Defendants assert as an affirmative defense that Plaintiff's Complaint must be dismissed under the doctrine of misnomer as she has failed to identify the proper corporate defendant.

Defendants asset as an affirmative defense that this court lacks personal jurisdiction over one or more defendant.

Defendants assert as an affirmative defense that Plaintiff has not satisfied the conditions precedent of Chapter 74 of the Texas Civil Practice and Remedies Code.

Defendants assert as an affirmative defense that if Plaintiff sustained any injuries and/or damages, as alleged, which are hereby specifically denied, then Defendants would show that said injuries and/or damages, if any, were solely, directly, and/or proximately caused or contributed by the negligent acts, wrongs, omissions or misconduct in whole or in part, of third parties and concerns or by instrumentalities belonging to third parties not under the supervision or control of Defendants, for which Defendants are not responsible and for which Defendants should not be held responsible.

Defendants assert as an affirmative defense that Plaintiff's injuries and damages, if any, were proximately caused by new, independent, intervening or superseding causes.

Defendants invoke the affirmative defense of sole cause.

Defendants assert as an affirmative defense that Plaintiff was affirmatively warned.

Defendants plead and incorporate herein by reference as an affirmative defense all applicable damage caps and limitations upon any award of damages, both compensatory and punitive, as provided under the law.

CVS Caremark Corporation denies that it is the corporate entity that committed any of the acts or omissions alleged in Plaintiff's petition. CVS Caremark Corporation is a holding company only and does not manage the daily operations of its separate corporate subsidiaries. CVS Caremark Corporation does not directly operate the pharmacy at issue in this lawsuit and denies that it is liable to be sued in that capacity of a pharmacy operator. Plaintiff has not articulated any claims or theories of recovery against CVS Caremark Corporation. Defendants

request that Plaintiff be required to amend his pleadings to delete his claims against CVS Caremark Corporation.

**DEMAND FOR JURY TRIAL**

Defendants demand a jury trial and hereby tender the jury fee to the Clerk on this filing's date.

**PRAYER**

WHEREFORE, Defendants pray that Plaintiff takes nothing, that Defendants be dismissed, that Defendants recover their costs of court and for such other and further relief, whether general or special, at law or in equity, to which it may be justly entitled.

Respectfully submitted,

**FORMAN PERRY WATKINS KRUTZ & TARDY LLP**

By: /s/ *Roger Nebel*

ROGER H. NEBEL
State Bar No. 90001973
Federal Bar No. 32458
4900 Woodway, Suite 940
Houston, Texas 77056
Telephone: (713) 402-1717
Facsimile: (713) 621-6746

John Robinson
State Bar No. 17097500
2001 Bryan, Suite 1300
Dallas, Texas 75201
Telephone: (214) 905-2924
Facsimile: (214) 905-3976

**ATTORNEYS FOR DEFENDANTS CVS PHARMACY, INC. and CVS CAREMARK CORPORATION**

**CERTIFICATE OF SERVICE**

This is to certify that a true and correct copy of the foregoing was served on all counsel of record in accordance with the Texas Rules of Civil Procedure on July 21, 2014:

Imrana Manzanares
Abraham, Watkins, Nichols,
Sorrels, Agosto & Friend
800 Commerce Street
Houston, TX 77002

/s/ *Roger Nebel*
Roger Nebel